Dear Mr. Crum:
You have requested an opinion of this office regarding the South Louisiana Port Commission or its agents purchasing alcoholic beverages for its customers during lunches or dinners.
Although there is no specific statutory prohibition regarding the purchase of alcoholic beverages with state funds, there are laws which regulate handling and disbursing public funds in general. Article VII, Section 14 of the Louisiana Constitution (1974) states:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
This office has long recognized the caution which must be exercised when faced with the expenditure of public funds. Historically, the Attorney General has followed the interpretation of the Louisiana Supreme Court in City of Port Allen v. Louisiana Mun. Risk, 439 So.2d 399 (La. 1983) wherein the Court states:
 The cases that do exist hold primarily that this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. Attorney General Opinion No. 90-63.
The above referenced opinion further states:
 The Attorney General has further interpreted this provision of the constitution to require that the use of public funds not only be sanctioned by a legal duty or obligation, but serve a public purpose and create a public benefit not disproportionate to the value of the public funds expended. Attorney General Opinion No. 90-63.
In order to address the present query regarding the legality of purchasing alcoholic beverages for customers during lunches or dinners, we will examine the request in light of the above three-prong test.
Applying the analysis in Attorney General Opinion 90-63, the first issue is whether the South Louisiana Port Commission has any legal obligation to develop commerce. Louisiana Revised Statute 34:2473 which addresses the rights and powers of the commission and executive director for the Port of South Louisiana gives broad power to the executive director and the commission to "contract for legal, financial, engineering, and other professional services necessary and expedient in the conduct of the port's affairs", to "regulate commerce and traffic", and "acquire property and construct or acquire and equip wharfs and landings".
Louisiana Revised Statute 34:2473.1B states:
 In order to stimulate the commerce and industry in the port area and to protect the public in its lives, health, and property, the port, in addition to any other rights, powers, or authority granted to it, may provide services for and regulate the traffic and commerce within the port area in such a manner as may in its judgment be for the best interest of the public.
The powers enumerated in the above cited statutes clearly provide that the South Louisiana Port District was created for the benefit of the people of the State of Louisiana for the increase of their commerce and prosperity and for the improvement of their health and living conditions. The statutory authority which empowers the Port Commission to act necessarily creates a duty or obligation to develop commerce which serves a public purpose and provides a public benefit. Regarding part one of the three-prong test and based on the statutory duty of the Port Commission to develop commerce, legitimate expenditures that are an inherent part of that duty are not prohibited gratuitous alienations under Art. VII, Sec. 14.
Secondly, custom is a valid source of law, Louisiana Civil Code Article I, and may be relied upon to interpret positive law where it is silent or ambiguous. Attorney General Opinion 90-63. The positive law of Louisiana is silent regarding the lawfulness of the use of public funds for purchasing alcoholic beverages. Examining the customary practice at functions such as lunches and dinners wherein private sector commercial clients or customers are entertained, there is no question that meals are an integral part of commercial interaction. Further, the custom and current business practice is for the host to offer the client or customer a beverage of his or her choice, without excluding any particular category of beverages, such as caffeine versus non-caffeine, diet versus non-diet or alcoholic versus non alcoholic.
Finally, in order to further address the present query regarding the propriety or the legality of purchasing alcoholic beverages for customers during lunches or dinners, we must examine the request in light of the requirement that expenditures serve a public purpose and create a public benefit not disproportionate to the value of the funds expended.
Several prior Attorney General Opinions have stated that alcoholic beverages may not be paid for with public funds. For example, Attorney General Opinion No. 99-358 states:
 The cost of meals must be reasonable and the cost of alcoholic beverages may not be paid from public funds.
In the scenario described in Attorney General Opinion No. 99-358, the entertainment of potential clients was not a motivating factor for the meal but was incidental to the fact that a meal was routinely served to attendees in conjunction with the regularly scheduled monthly meeting of the Port Commission.
In describing the expenditure of state funds for a hospitality suite at a Clerks of Court Association convention, Attorney General Opinion No. 90-63 states:
 The expense for [a hospitality suite] is incidental to the lawful purpose of the convention and therefore constitutional. However, in order to meet the public benefit test, the expense must be reasonable for your purpose of providing a convenient place for clerks and their deputies to meet and talk. Champagne alcoholic beverages and caviar are unreasonable; coffee, soft drinks and doughnuts are reasonable.
The purpose of the Clerks of Court Association hospitality suite where public officials were attending an educational seminar was to "facilitate professional interaction." Under the circumstances of an educational seminar attended by public officials, serving alcoholic beverages was considered to be unreasonable.
As stated in Attorney General Opinion No. 90-63:
 In order to meet the proportionality of the public benefit test the expense must be reasonable.
In reference to the Clerks of Court hospitality suite, this office stated, "champagne, alcoholic beverages, and caviar are unreasonable; coffee, soft drinks and doughnuts are reasonable." In the scenario described therein, we concur. Factors such as the overall expense, the location of the meal, the participants and attendees at the meal, the public purpose and public benefit of the meal determine what is reasonable under the circumstances.
An official in the Office of the Legislative Auditor states that the current practice for the auditor's office is to examine the reasonableness of the expenditure in relation to the nature of the expenditure. If the expenditure is reasonable and necessary to accomplish a public purpose, the expense usually is allowed. Thus, one could surmise that serving champagne and caviar at an educational seminar remains unreasonable, whereas serving wine at a dinner to entertain commercial, private sector clients where the public purpose is to develop commerce for the public benefit would not be unreasonable.
The increasing demand upon governmental services and the present decline in the national and local economy along with the current emphasis on economic development in order to broaden the revenue base in Louisiana, all are factors that combine to require us to examine the parameters of "reasonableness" in light of current business practices. There must be a balance of reasonable expenditures at business lunches or dinners where clients or customers from the private sector are the primary attendees, where the agenda has an undisputed public purpose and public benefit, and where the expenditure is not disproportionate to the value of the public funds expended. It is not a matter of whether one eats donuts or duck, drinks coffee or chardonnay that is the primary consideration. The primary concern is the reasonableness of the expenditure under the circumstances.
Under the strictest interpretation of LA Constitution, Art. VII, Sec. 14
(1974), providing even "coffee, soft drinks and donuts" is a prohibited gratuitous alienation of public funds. Thus, this office has developed the three-prong reasonableness test examining the legal obligation of the public officials combined with the public purpose and public benefit of the event. The "reasonableness" of the expenditure under the circumstances — not the specific item of food or beverage consumed — is controlling.
The question regarding the purchase of alcoholic beverages for a public official or public employee with public funds has not been addressed in this opinion as this issue is outside the parameters of the inquiry. However, keeping in mind the balancing of the above discussed factors, the Port of South Louisiana should establish clear and definitive guidelines for the Commission regarding the expenditure of public funds and submit these guidelines to the Office of the Legislative Auditor for review before incurring any expenditure of public funds.
Trusting this discussion is sufficient to answer your concerns, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: May 21, 2002